KIDWELL, J. Pro Tern,
dissenting in part.
Respectfully, I disagree with the majority Opinion’s resolution (section X) of this matter and the analysis of the words actual residence (section VII).
Actual residence when required by a statute is more readily subjectively discussed, than objectively defined. Whether utilizing “common sense” or “clear meaning of the statute” or “intent of the drafters,” it seems apparent that there must be some period of physical presence at a specific physical location. Further narrowing of the definition or historical analogies includes subjective determinations not in the record before us.
Judge Bradbury has two residences or homes in Idaho; one in Idaho County (Grangeville) and one in Nez Perce County (Lewiston). The relevant statute requires actual residence in Idaho County. However, having two or more homes in Idaho is not precluded.
It is important to note before addressing the residence issue, that neither the record presented or the majority opinion suggests any shirking of his job. On the contrary it appears that Judge Bradbury is dutifully carrying out the responsibilities to which he has been constitutionally elected.
The controversy arises here because the Judicial Council raised the question of whether the judge actually resides in Grangeville because he spends approximately one or two days a week at his home there. Judge Bradbury testified in deposition that he spends more time on the road or at his home in Lewiston than at his home in Grangeville, because of the duties and demands of traveling throughout his judicial district.
The record indicates that Judge Bradbury, upon being elected as District Judge, purchased a home in Grangeville (he had owned a ranch in the county in previous years). Subsequently he took out a homeowner’s exemption and signed the requisite forms indicating his intent to make that his primary home. He also began voting from Grange-ville, and he pays taxes and gets his judicial mail in Grangeville.
Based on the conflicting and limited information presented, I am unable to conclude that Judge Bradbury is in violation of Idaho’s residency requirement statute. This matter should be dismissed at this time, but without prejudice to the Judicial Council’s right to proceed with additional information if it decides to do so.